952 P.2d 187 (1998)
134 Wash.2d 657
STATE of Washington, Respondent,
v.
M.L., Appellant.
No. 65618-5.
Supreme Court of Washington, En Banc.
March 12, 1998.
Robert M. Quillian and Thomas E. Doyle, Olympia, for Petitioner.
H. Steward Menefee, Grays Harbor County Prosecutor, James G. Baker, Judge, Montesano, for Respondent.
PER CURIAM.
Michael L. was born in 1984. He was placed in foster care after being sexually *188 abused by his parents. When he was ten years old, Michael pleaded guilty to raping his five-year-old foster brother. He pleaded guilty to one count of first degree rape of a child and one count of attempted first degree rape of a child. The guilty plea form indicated that the standard sentencing range for these offenses was 21 to 28 weeks on the rape count and 8 to 12 weeks on the attempt count. The record reflects that Michael had no prior juvenile offenses.
At the sentencing hearing, the prosecuting attorney sought a sentence above the standard range due to the young age of the victim, the fact that Michael had a painful venereal disease he knew he could transmit, and based on a diagnostic report. Michael's foster mother testified at the sentencing hearing that in addition to the sexual abuse of her son, Michael had engaged in lying and stealing and had attempted to run away. She also reported that he had tried to poison another child at school. She was of the opinion that the system had failed him and that he had been misdiagnosed by his counselors. None of Michael's counselors testified at the hearing. One witness represented a counselor's report as mentioning abuse to animals and fascination with fire. Michael's more recent foster mother reported at the sentencing hearing that Michael's counselors at the child treatment center had reported progress with Michael subsequent to the sexual abuse of his foster brother and that he might be able to return to the community and successfully complete his program with outpatient therapy. The sentencing judge noted that Michael had been terribly abused by his parents and that his mother was in prison and his father was dead. Michael admitted to the offenses charged and to the fact that he knew that his conduct was wrong. Michael concluded his statement describing his sexual abuse of his foster brother by saying, "I don't know why I was doing these things but they were what my mom and dad did to me."
The State recommended 30 to 40 weeks on the rape count to run consecutively with 21 to 28 weeks on the attempt count. This recommendation by the State would have allowed for a sentence slightly in excess of one year. A police officer recommended a long-term commitment. Michael's counselor's report recommended that Michael be sentenced under the special sex offender disposition alternative program (SSODA) so that he could receive treatment while living in the community. The defense actually recommended a longer period than the State was seeking, suggesting that Michael be sentenced to one-and-a-half to two years, but recommended that it be served under the SSODA program rather than by placement in a juvenile facility. A representative from the juvenile probation department recommended against an outpatient treatment under a SSODA sentence and recommended a year at the Echo Glen juvenile facility with specialized treatment, to be followed by two years' parole while Michael continued with outpatient therapy.
The juvenile court imposed a sentence of 520 weeks on the rape count and 523 weeks on the attempt count, to run consecutively.[1] The court ordered that Michael be confined until he was 21 years of age. The only question in this case is whether the sentence is clearly excessive based on the record before us.
A juvenile court may enter an exceptional disposition beyond the standard range if it finds a "manifest injustice" by clear and convincing evidence. RCW 13.40.160. "Manifest injustice" means a disposition that would either impose an excessive penalty on the juvenile or would impose a serious and clear danger to society in light of the purposes of the Juvenile Justice Act of 1977. RCW 13.40.020(16).
In order to uphold a disposition outside the standard range, an appellate court must find that the reasons supplied by the disposition judge are supported by the record which was before the judge, that those reasons clearly *189 and convincingly support the conclusion that a disposition within the range would constitute a manifest injustice, and that the sentence imposed was neither clearly excessive nor clearly too lenient. RCW 13.40.230(2). Michael's attorney concedes that the reasons given by the court (the vulnerability of the victim, that Michael was a threat to the community, and that the standard range was clearly insufficient to adequately rehabilitate the minor) are supported by the record and that those reasons support the conclusion that a disposition within the range would constitute a manifest injustice. However, defense counsel argues that the sentence confining Michael until the age of 21 is clearly excessive in light of Michael's very young age and the record before the juvenile court. We agree.
Once a juvenile court has concluded that a disposition within the standard range would effectuate a manifest injustice, the court is vested with broad discretion in determining the appropriate sentence to impose. E.g., State v. Strong, 23 Wash.App. 789, 794, 599 P.2d 20 (1979). We will find a sentence is excessive only when it cannot be justified by any reasonable view which may be taken of the record. State v. P., 37 Wash.App. 773, 779, 686 P.2d 488 (1984); State v. Tauala, 54 Wash.App. 81, 87, 771 P.2d 1188, review denied, 113 Wash.2d 1007, 779 P.2d 727 (1989).
We have made a careful review of the limited record before us and conclude that, in light of that record, the sentence is clearly excessive. The juvenile court imposed a sentence until age 21 upon a child who was only 10 years old at the time of sentencing and who had no prior juvenile record. The recommendations of the State, the defense, Michael's counselor, and the juvenile probation department were approximately one year of confinement, or two years of community-based treatment followed by two years of continuing community-based outpatient treatment. While we do not hold that a trial judge is bound by the recommendations of those giving testimony at sentencing, we do find that the imposition of a sentence which is in excess of 10 times as long as the longest sentence recommended is excessive when imposed upon a 10-year-old boy. There was no evidence before the court to indicate that a sentence of 11 years imposed on a 10-year-old child would foster the goals of the Juvenile Justice Act of 1977. We therefore conclude that it is necessary to remand the case for resentencing and that the resentencing hearing should be before a different judge. See State v. Sledge, 133 Wash.2d 828, 947 P.2d 1199 (1997); State v. Talley, 134 Wash.2d 176, 949 P.2d 358 (1998).
Because we uphold the manifest injustice findings and hold only that the sentence imposed was clearly excessive in light of the record now before us, the juvenile court is free to exercise its discretion upon rehearing. See State v. P., 37 Wash.App. at 779, 686 P.2d 488; RCW 13.40.230. We do not, by this opinion, intend to dictate the length or conditions of the sentence to be imposed after a new sentencing hearing. The court is free to modify the prior sentence or not, after a consideration of all relevant factors. The court may hear additional relevant evidence at the rehearing, which may include testimony concerning Michael's behavior, treatment and prognosis while in the custody of the department. State v. P., 37 Wash. App. at 779, 686 P.2d 488.
NOTES
[1] The written judgment and sentence indicates the court sentenced Michael to 520 weeks on count 1 and 523 weeks on count 2, to run consecutively. This amounted to a sentence exceeding 20 years, which would not have expired until Michael was 30 years old. However, the parties agree and the court recognized at the sentencing hearing that Michael could not be committed by a juvenile court for placement beyond his 21st birthday. RCW 13.40.300.