**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

STATE OF WASHINGTON,      )      No. 81339-1-I
                            )
         Respondent,      )
                            )      DIVISION ONE
         v.                    )
                            )
C.M.H.,                    )
                            )      UNPUBLISHED OPINION
         Appellant.      )
                            )

MANN, C.J. — C.M.H. appeals the juvenile court's disposition order. C.M.H. argues that the court abused its discretion when denying a manifest injustice disposition below the standard sentencing range. We affirm.

<u>FACTS</u>

C.M.H. pleaded guilty to one count of first degree rape of a child and one count of first degree child molestation. The crimes were approximately 4 months apart and the victims were each 6 years old at the time; C.M.H. was 16 years old.

C.M.H.'s disposition hearing took place on March 11, 2020. C.M.H. requested a downward manifest injustice disposition. The court denied the request and C.M.H. was given a standard range disposition of 30 to 40 weeks for each offense, running consecutively. RCW 13.40.0357.

C.M.H. appeals.

Citations and pin cites are based on the Westlaw online version of the cited material.

ANALYSIS

C.M.H. argues that the trial court abused its discretion by denying his request for a manifest injustice disposition. We disagree.

As a general rule, a defendant is precluded from appealing a standard range sentence. State v. McGill, 112 Wn. App. 95, 100, 47 P.3d 173 (2002). However, "this rule does not preclude a defendant from challenging on appeal the underlying legal determination by which the sentencing court reaches its decision; every defendant is entitled to have an exceptional sentence actually considered." State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017).

The Juvenile Justice Act grants a juvenile court discretion to impose a disposition either above or below the standard range if the court concludes a disposition within the standard range would effectuate a "manifest injustice." RCW 13.40.0357; RCW 13.40.160(2). A "manifest injustice" disposition is one "that would either impose an excessive penalty on the juvenile or would impose a serious, and clear danger to society in light of the purposes of this chapter." RCW 13.40.020(19).

In addition, our supreme court has held that trial courts have the discretion to consider the mitigating qualities of youth at sentencing and must "exercise this discretion when the youth is sentenced in juvenile or adult court." State v. Houston-Sconiers, 188 Wn.2d 1, 9, 391 P.3d 409 (2017) (citing Miller v. Alabama, 567 U.S. 460, 481, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)).

"We typically review a manifest injustice disposition for manifest abuse of discretion, asking whether 'the reasons supplied by the disposition judge are supported by the record which was before the judge,' whether 'those reasons clearly and

convincingly support the conclusion that a disposition within the range would constitute a manifest injustice,' and whether 'the sentence imposed was neither clearly excessive nor clearly too lenient.'" State v. B.O.J., 194 Wn.2d 314, 322, 449 P.3d 1006 (2019) (quoting State v. M.L., 134 Wn.2d 657, 660, 952 P.2d 187 (1988)); RCW 13.40.230(2). "Once a juvenile court has concluded that a disposition within the standard range would effectuate a manifest injustice, the court is vested with broad discretion in determining the appropriate sentence to impose." M.L., 134 Wn.2d at 660. The court's finding of manifest injustice "shall be supported by clear and convincing evidence." RCW 13.40.160(2).

The juvenile court is required to consider the statutorily enumerated mitigating and aggravating facts set out in RCW 13.40.150(3)(h) and (i). B.O.J., 194 Wn.2d at 324. The aggravating and mitigating factors "may be relevant" to both the threshold determination of whether a manifest injustice disposition is warranted and, if so, the form and length of the disposition. B.O.J., 194 Wn.2d at 325.

Here, prior to entering the dispositional order, the trial court addressed C.M.H., stating the following:

> And when I considered the Defense request for manifest injustice sentence downward, I have to look at the statutory factors. When I look at the mitigating factors under [RCW] 13.40.150, you know, there's only one factor that might possibly be present, but I don't have really any evidence to support that there is a mental or physical condition that significantly reduced your culpability. I do understand you have a trauma history and it's significant. But I don't believe that it necessarily falls within the statutory factors. I don't find that any of the other factors exist.
> With regard to aggravating factors, there are several. The victims were particularly vulnerable. This was a sex offense. And you're now at a high risk to reoffend. So when I weigh those things together, the Court doesn't find that the standard range is too lenient. And I don't find that an exceptional sentence downward is warranted in this case. So for those

reasons, with regard to [the charge], this is the rape of a child in the first degree, the Court imposes 30 to 40 weeks of J.R. time.

. . . .

With regard, then to the other [charge], the court imposes an additional 30 to 40 weeks of J.R. time, to run consecutive with each other.

After examining the statutory mitigating and aggravating factors, as well as C.M.H.'s significant trauma history and the nature of the crimes and vulnerability of the victims,[1] the trial court declined to impose a disposition below the standard range. It did so because of a lack of evidence in respect to the mitigating factor of a mental condition that significantly reduced C.M.H.'s culpability.[2] RCW 13.40.150(h)(iii). The court also found the aggravating factors of particularly vulnerable victims and sexually motivated crimes. RCW 13.40.150(i), (iii), (iv). Finally, the court examined the probation report risk assessment that determined C.M.H. had a high risk of reoffending. The consideration of these factors and subsequent imposition of a standard range disposition was not a manifest abuse of discretion.

Affirmed.

_Mann, C.J._

WE CONCUR:

_Chun, J._          _Andrus, A.C.J._

---

[1] Contrary to C.M.H.'s assertion, the trial court made considerations outside of the factors listed in the juvenile sentencing statute. In respect to mitigating circumstances, the court expressly considered C.M.H.'s trauma history. In respect to aggravating circumstances, the court acknowledged the probation report risk assessment declaring C.M.H.'s high risk of reoffense.

[2] C.M.H.'s request for a manifest injustice disposition relied solely on his attorney's declaration.