IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  40007-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| E.J.O., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, A.C.J. — E.J.O. was adjudicated guilty of three counts of fourth degree assault: one involving domestic violence against his mother, and the other two involving assaults against his younger brother and older sister.  The trial court imposed a manifest injustice disposition of 39 to 52 weeks of confinement for the assault on his mother.

E.J.O. appeals, arguing that the State violated his due process rights by failing to provide the facts supporting its manifest injustice sentence until the day before sentencing.  He also challenges some of the aggravating factors the court used to justify the disposition, and argues that his disposition was clearly excessive.

We conclude that E.J.O. failed to preserve his lack of notice argument.  Furthermore, the trial court did not abuse its discretion in finding the aggravating factors or in imposing the manifest injustice disposition.  Finding no error, we affirm.

BACKGROUND

The facts are taken from the juvenile court's unchallenged findings of fact and conclusions of law. On July 15, 2023, two Walla Walla Police Officers responded to a 911 call reporting multiple domestic violence assaults. The caller identified her son, E.J.O., then 15 years old, as the assailant. The mother explained that she resided with E.J.O., her 10-year-old son J.A.O., and daughter E.M.O., then 16 years old. J.A.O. is autistic and has other special needs that cause developmental delays and difficulty speaking.

The incident began when J.A.O. brought E.J.O. a plate of avocados. E.J.O. shoved the plate into J.A.O.'s face, calling him names such as "Fucking SPED" and "Retard." Clerk's Papers (CP) at 18. After the mother confronted E.J.O. over this, he punched her in the face. The mother then heard J.A.O. scream and saw a scratch on his left cheek.

E.J.O. then left the residence. When the mother tried to close the door to keep him out, E.J.O. prevented the door from closing. When the mother went outside to the driveway, E.J.O. repeatedly swung at her with his fists, striking her head, arms, and back. The mother doubled over with her hands up to defend herself. E.M.O. witnessed the assault in the driveway and yelled at E.J.O. to stop. E.M.O. grabbed E.J.O. from behind, but E.J.O. pushed E.M.O. away, causing E.M.O. to fall.

2

A responding officer saw E.J.O. running away from the residence. After ordering him to stop multiple times, E.J.O. complied and was detained. The officer returned to the residence and spoke with the mother. She described the assaults to the officer. Photographs admitted into evidence showed red marks on the mother's jaw and arm, and a bloody fingernail. Another photograph showed a scrape on E.M.O.'s elbow.

*Procedure*

The State charged E.J.O in the Walla Walla County Juvenile Court with one count of fourth degree assault—domestic violence for the assault of his mother, and two counts of fourth degree assault for the assault of his siblings.

At a fact finding hearing the officer, mother, and E.M.O. testified consistent with the facts above. E.J.O. also testified, denying that he touched his mother and siblings. Following the hearing, the court adjudicated E.J.O. guilty on all counts.

Prior to the disposition hearing, the Department of Court Services (Department) prepared two predisposition diagnostic reports (PDR) on E.J.O. In the first PDR the Department alleged the following aggravating factors existed: (1) E.J.O. has a recent criminal history or has failed to comply with conditions of a recent disposition order or diversion agreement, (2) E.J.O.'s brother was particularly vulnerable, (3) lack of family control, and (4) E.J.O. is highly likely to reoffend. Three days later, the day before the disposition hearing, the Department filed an updated PDR alleging an additional aggravating factor: (5) E.J.O. poses a serious and clear danger to society.

No. 40007-7-III
*State v. E.J.O.*

At the disposition hearing, the court imposed a manifest injustice disposition of 39 to 52 weeks of confinement on Count I for the assault on his mother, and standard-range dispositions on the remaining two counts. In support of the disposition, the court found all of the aggravating factors alleged in the PDRs and that "[a]ny one of these factors would support [a] finding of manifest injustice above [the standard] range." CP at 25.

E.J.O. timely appealed.

ANALYSIS

1. LATE NOTICE OF FACTS TO SUPPORT MANIFEST INJUSTICE SENTENCE

E.J.O. argues that the State violated his due process rights by failing to provide adequate notice of the facts underlying its request for a manifest injustice sentence until the day before his disposition hearing. He contends that this lack of notice prevented him from making an informed decision about pleading guilty or going to trial, and from preparing a defense against the manifest injustice sentence recommendation.

The State counters, arguing that E.J.O. failed to preserve this claim for review because he did not object on this basis in the trial court. Alternatively, the State argues that E.J.O. had adequate notice of its intent to seek a manifest injustice sentence and the facts supporting the request. We agree that the objection was waived by failing to raise it before the trial court.

4

A. *Additional facts*

Two weeks before the fact finding hearing, defense counsel emailed the

Department of Court Services, asking if it was intending to request a manifest injustice

disposition.   The Department responded:

> Yes.  We will be working on the declaration for intent to [request a
> manifest injustice]. We have also already notified [E.J.O.] and his mother
> that this will be our recommendation.  Due to the escalation in violence,
> and continued violent behavior toward his family members the Department
> feels that [E.J.O.] is a risk to community safety.  Our recommendation will
> be 52 weeks, and statute sets the minimum at %75 of the maximum, in this
> case 39 weeks.

CP at 62.  In response, defense counsel confirmed that E.J.O. wanted to proceed with the

fact finding and that he was aware of the request for a manifest injustice disposition.

Defense counsel confirmed that she and E.J.O. were aware of the State's intent to

request a manifest injustice disposition at the start of the fact finding hearing:

> [PROSECUTOR]:  All right.  If the Court accepts the Amended
> Information, the next topic is just to make a record that the Department and
> State will be seeking a finding of manifest injustice.  And, to make a record
> that that has been communicated to the respondent and to counsel prior to
> today's hearing, and that no plea offer has been extended on this case.
>
> [DEFENSE COUNSEL]: And, Your Honor, that's accurate.  We
> were told by the Department, right around the time of arraignment, that
> they would be seeking manifest injustice if there were an adjudication
> resulting from this fact finding.  And so, and as well, [E.J.O.] has gone over
> that with the Department, as well as with myself.  So, he's been made
> aware.

Rep. of Proc. at 8.

During the disposition hearing, defense counsel provided argument against the manifest injustice disposition, addressing each of the alleged aggravating factors. She highlighted that E.J.O. had completed diversion programs in 2022 and had no felony criminal history or prior criminal history before 2022. Counsel also pointed out that two prior assault charges had been dismissed. Additionally, she argued mitigating facts, including that E.J.O. had been a victim of domestic violence by his father and had done well living, away from his mother, with his aunt. Counsel also successfully challenged an error in E.J.O.'s prior disposition history in the updated PDR.

### B. Error preservation

E.J.O.'s claim is subject to RAP 2.5(a)(3) because he did not object on this basis below. *See State v. J.W.M.*, 1 Wn.3d 58, 90, 524 P.3d 596 (2023) (concluding that a juvenile offender's argument that the State violated his due process rights by failing to provide him with pretrial notice of the factual basis and aggravating factors supporting his manifest injustice sentence was not preserved and did not constitute a manifest error affecting a constitutional right). "'To meet RAP 2.5(a) and raise an error for the first time on appeal, an appellant must demonstrate (1) the error is manifest and (2) the error is truly of constitutional dimension.'" *J.W.M.*, 1 Wn.3d at 90 (quoting *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009)); RAP 2.5(a)(3).

6

"The rule reflects a policy of encouraging the efficient use of judicial resources. The appellate courts will not sanction a party's failure to point out at trial an error which the trial court, if given the opportunity, might have been able to correct to avoid an appeal and a consequent new trial." *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). The rule derives from the principle that trial counsel is obligated to seek a remedy to errors as they occur, or shortly thereafter. *See City of Seattle v. Harclaon*, 56 Wn.2d 596, 597, 354 P.2d 928 (1960).

Turning to the constitutional requirement of RAP 2.5(a)(3) first, we do not assume the alleged error is constitutional; instead, "[w]e look to the asserted claim and assess whether, if correct, it implicates a constitutional interest as compared to another form of trial error." *O'Hara*, 167 Wn.2d at 98.

"By statute, the Juvenile Justice Act of 1977 (JJA), ch. 13.40 RCW, explicitly requires that juveniles be provided with due process and with adequate notice." *State v. M.S.*, 197 Wn.2d 453, 461, 484 P.3d 1231 (2021). "The substance of the due process protections mandated by the JJA are consistent with the requirements of the due process clause of the Fourteenth Amendment to the United States Constitution." *Id*. Accordingly, this alleged error is one of constitutional dimension.

We next consider whether the alleged error was manifest. An error is manifest when a defendant shows actual prejudice, which requires a plausible showing of practical and identifiable consequences during trial. *State v. WWJ Corp.*, 138 Wn.2d 595, 603,

7

980 P.2d 1257 (1999). "The focus of the actual prejudice must be on whether the error is so obvious [from] the record that [it] warrants [our] review." *O'Hara*, 167 Wn.2d at 99-100. "[T]o determine whether an error is practical and identifiable, the appellate court must place itself in the shoes of the trial court to ascertain whether, given what the trial court knew at that time, the court could have corrected the error." *O'Hara*, 167 Wn.2d at 100.

Here, the alleged error is not sufficiently obvious from the record to rise to the level of manifest error. Defense counsel confirmed that she was aware of the State's intent to seek a manifest injustice disposition before the fact-finding hearing began. She did not object during the fact-finding or disposition hearings on the ground that she lacked the facts supporting the State's request for a manifest injustice disposition. Although one of the five aggravating factors was included in the updated PDR the day before the disposition hearing, defense counsel's arguments demonstrate that she had sufficient time to prepare for the aggravating factors prior to the hearing. From the trial court's perspective, defense counsel was aware of both the State's intent to seek a manifest injustice disposition and the facts supporting the aggravating factors.

E.J.O. fails to demonstrate that the new allegations included in the updated PDR rise to the level of manifest error. We thus find that any error was waived and decline to review it.

2.   Manifest Injustice Sentence

E.J.O. contends that the trial court improperly imposed a manifest injustice disposition outside the standard range.  He disputes several aggravating factors and findings that the trial court relied on to justify this disposition.  He also argues that the disposition was clearly excessive.  The State counters that substantial evidence in the record supports these aggravating factors and findings, and that the disposition was not clearly excessive.  We address each challenge after review of the applicable legal standards.

If a juvenile court concludes that a disposition within the standard range would effectuate a manifest injustice, the court is required to impose a disposition outside of the standard range.  RCW 13.40.160(2).  Relevant here, "manifest injustice" means "a disposition that would either impose an excessive penalty on the juvenile or would impose a serious and clear danger to society in light of the purposes of [the JJA]."  RCW 13.40.020(21).

"We review a juvenile court's decision to impose a manifest injustice disposition for abuse of discretion."  *J.W.M.*, 1 Wn.3d at 70.  As part of our review, "we ask three questions: (1) whether 'the reasons supplied by the disposition judge are supported by the record which was before the judge,' (2) whether 'those reasons clearly and convincingly support the conclusion that a disposition within the range would constitute a manifest injustice,' and (3) whether 'the sentence imposed was neither clearly excessive nor

9

clearly too lenient.'" *Id.* (quoting *State v. M.L.*, 134 Wn.2d 657, 660, 952 P.2d 187 (1998)); RCW 13.40.230(2).

"Before a [trial] court can impose a manifest injustice disposition, it must determine whether a disposition within the standard range would constitute a 'serious[ ] and clear danger to society in light of the purposes of [the JJA].'" *Id*. (*quoting* former RCW 13.40.020(20) (2021)). "A juvenile court must consider certain mitigating and aggravating statutory factors and may also consider certain nonstatutory factors when making this determination." *Id*.

"'The [juvenile] court's findings of fact are reviewed under a clearly erroneous standard and will be reversed only if no substantial evidence supports it's conclusion.'" *State v. T.E.C.*, 122 Wn. App. 9, 18, 92 P.3d 263 (2004) (internal quotation marks omitted) (quoting *State v. S.H.*, 75 Wn. App. 1, 9, 877 P.2d 205 (1994)). "Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth." *State v. Meade*, 129 Wn. App. 918, 922, 120 P.3d 975 (2005).

"This court can affirm a manifest injustice finding if one or more of the factors supported by the record clearly and convincingly support the disposition and we can determine that the trial court would have entered the same sentence on the basis of the remaining valid aggravating factors." *S.H.*, 75 Wn. App. at 12.

Here, the trial court found that the following aggravating factors supported

E.J.O.'s manifest injustice disposition:

- The victim was particularly vulnerable.
- E.J.O. has a recent criminal history or has failed to comply with conditions of a recent dispositional order or diversion agreement.
- Lack of family control.
- E.J.O. is highly likely to reoffend.
- E.J.O. poses a serious and clear danger to society.

CP at 25.

On appeal, E.J.O. challenges some, but not all of these factors and findings. The

State argues that we should affirm the manifest injustice disposition even if one or more

of the challenged factors are found to be an abuse of discretion because any one factor

would support the disposition.

The trial court explicitly found that any one of the aggravating factors it identified

would justify the manifest injustice disposition. E.J.O. did not contest the aggravating

factor that he "has a recent criminal history or has failed to comply with conditions of a

recent dispositional order or diversion agreement." CP at 25. This is a statutory

aggravating factor that the trial court was required to consider under RCW

13.40.150(3)(i)(iv). Thus, even if we were to find that all of the challenged aggravating

factors were improperly found, this unchallenged aggravating factor alone provides

sufficient support for the manifest injustice disposition. *See T.E.C.*, 122 Wn. App. at 24.

No. 40007-7-III
*State v. E.J.O.*

In reply, E.J.O. contends that he *did* challenge the recent criminal history aggravating factor. We disagree. E.J.O. failed to assign error to this aggravating factor, and did not identify it as an aggravating factor being challenged in the table of contents or argument portion of his brief. Accordingly, we decline to review his arguments against that aggravating factor raised for the first time in his reply brief. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

3.  CLEARLY EXCESSIVE DISPOSITION CHALLENGE

E.J.O. contends that his disposition was clearly excessive. The State argues that the trial court did not abuse its discretion in imposing a manifest injustice disposition.

RCW 13.40.230(2)(b) requires a determination that a disposition is neither clearly excessive nor clearly too lenient. "'Once a juvenile court has concluded that a disposition within the standard range would effectuate a manifest injustice, the court is vested with broad discretion in determining the appropriate sentence to impose.'" *J.W.M.*, 1 Wn.3d at 70 (quoting *M.L.*, 134 Wn.2d at 660). "The length of a[ ] [manifest injustice disposition] will be upheld . . . absent a showing of an abuse of discretion." *S.S.*, 67 Wn. App. at 819. "[A] sentence [will be considered] excessive only when it cannot be justified by any reasonable view . . . of the record." *M.L.*, 134 Wn.2d at 660.

12

In this case, the trial court found that a disposition within the standard range for E.J.O.'s assault of his mother would result in a manifest injustice. The court imposed a 39 to 52-week disposition of confinement in a rehabilitation facility, which exceeded the standard range for E.J.O.'s crimes.

E.J.O. argues that the length of his disposition is excessive, citing his limited adjudicatory history, his victimization by his father, and his ability to behave when not in his mother's care. We are not persuaded by these arguments. The disposition imposed on E.J.O. can be justified by a reasonable view of the record. At the time of disposition, the court considered E.J.O.'s criminal history, including multiple assaults, third degree malicious mischief, resisting arrest, obstruction, and possession of a controlled substance. The court also considered the aggravating factors outlined in the PDR, including E.J.O.'s behavior following his release from electronic home monitoring, which culminated in the assaults at issue here. And the court considered defense counsel's arguments against a manifest injustice disposition and relevant mitigating factors. Under these circumstances, the manifest injustice disposition imposed on E.J.O. is justified by a reasonable view of the record.

No. 40007-7-III
*State v. E.J.O.*

The trial court did not abuse its discretion when it found the challenged aggravating factors and imposed a manifest injustice disposition.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.

14