[No. 22638-7-III. Division Three. May 26, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT L. CARTER, *Appellant.*

*Janet G. Gemberling*, for appellant.

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Brian C. O'Brien, Deputies,* for respondent.

¶1 SCHULTHEIS, J. — Robert L. Carter appeals his conviction for first degree unlawful possession of a firearm. Because his attorney's proffered jury instruction on unwitting possessing created an inconsistency that misstated the law, counsel's performance was deficient and prejudice is presumed. *State v. Wanrow,* 88 Wn.2d 221, 239, 559 P.2d 548 (1977). We therefore reverse and remand. His other challenges pertaining to evidence sufficiency and due process have no merit.

## FACTS

¶2 On August 8, 2003, police responded to a call of disturbance on Idaho Road in Spokane County. Mr. Carter was found lying on his back in the front yard of a residence, intermittently unresponsive and incoherent. He was taken to the hospital by ambulance. Tests later showed he had a blood alcohol level of 0.25 and had ingested amphetamines. A hospital security officer discovered a loaded revolver in a holster clipped to the inside of the waistband of his pants. Mr. Carter was charged with first degree unlawful possession of a firearm based on a previous juvenile burglary conviction.

¶3 At the end of the State's case-in-chief, the defense moved to dismiss. The defendant provided a memorandum of authorities in which he argued that because the juvenile court in the predicate offense failed to advise him that he was disqualified from possessing a firearm, due process required dismissal of the present unlawful firearm possession charge. Because defense counsel failed to properly note the matter for hearing, the court reserved it for consider-

ation, if need be, in a posttrial motion so that the State would have a fair opportunity to respond. The defense counsel proposed, and the court gave, a jury instruction on unwitting possession. The jury was instructed:

> A person is not guilty of unlawful possession of a firearm if the possession is unwitting. Possession of a firearm is unwitting if a person did not know that the firearm was in his possession.
>
> *The burden is on the defendant* to prove by a preponderance of the evidence that the firearm was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

2 Report of Proceedings (RP) at 126-27 (emphasis added).

¶4 Mr. Carter was convicted. His postconviction due process motion was denied. This appeal followed.

## DISCUSSION

INEFFECTIVE ASSISTANCE OF COUNSEL

 ¶5 Mr. Carter asserts that counsel was ineffective for requesting a defective unwitting possession jury instruction. When defense counsel proposes an instruction identical to the one actually given by the trial court, the invited error doctrine restrains us from reversing the conviction based on an error in that jury instruction. *State v. Studd*, 137 Wn.2d 533, 546-47, 973 P.2d 1049 (1999). Such challenges can be reviewed through an ineffective assistance of counsel claim, however. *Id.* at 550-51. That is the context in which Mr. Carter brings this claim.

 ¶6 Review of a challenge to effective assistance of counsel is de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995). We start with the strong presumption that counsel's representation was effective. *Studd*, 137 Wn.2d at 551 (citing *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)). This requires the defendant to demonstrate from the record the absence of legitimate strategic or

tactical reasons to support counsel's challenged conduct. *McFarland*, 127 Wn.2d at 336.

¶7 To establish ineffective assistance of counsel, an appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (adopting two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

¶8 To demonstrate deficiency, Mr. Carter must show that his counsel's representation " 'fell below an objective standard of reasonableness based on consideration of all the circumstances.' " *Studd*, 137 Wn.2d at 551 (quoting *McFarland*, 127 Wn.2d at 334-35). Here, Mr. Carter claims the flawed jury instruction shifted the burden of proving the knowledge element from the State to the defense.

¶9 In *State v. Anderson*, 141 Wn.2d 357, 366, 5 P.3d 1247 (2000), the Washington Supreme Court determined that for the crime of unlawful possession of firearms set forth in RCW 9.41.040, "the Legislature intended to place the burden on the State to prove a culpable mental state." The instruction in this case provides, *"The burden is on the defendant* to prove by a preponderance of the evidence that the firearm was possessed unwittingly." 2 RP at 127 (emphasis added). The instruction erroneously placed the burden of proving unwitting possession on Robert Carter. That burden should be on the State. *Anderson*, 141 Wn.2d at 366. The State concedes this point in its brief. Resp't's Br. at 7. The question is whether a reasonable attorney would have proposed an unwitting possession instruction consistent with *Anderson* placing the burden of proof on the State rather than with the defendant. *See State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997). Obviously the answer is, "of course." Moreover, this was not a legitimate trial tactic. *See State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991).

¶10 Mr. Carter must also show that " 'defense counsel's deficient representation prejudiced the defendant, i.e.,

there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Studd*, 137 Wn.2d at 551 (quoting *McFarland*, 127 Wn.2d at 335).

¶11 The State argues that Mr. Carter was not prejudiced because the jury was otherwise properly instructed that the State had the burden of proving each element. However, the flawed instruction proffered by defense counsel created an inconsistency in the stated burdens of proof. "When instructions are inconsistent, it is the duty of the reviewing court to determine whether 'the jury was misled as to its function and responsibilities under the law' by that inconsistency." *Wanrow*, 88 Wn.2d at 239 (quoting *State v. Hayes*, 73 Wn.2d .568, 572, 439 P.2d 978 (1968)). If the inconsistency results from a clear misstatement of the law, the misstatement is presumed to have misled the jury in a manner prejudicial to the defendant. *Wanrow*, 88 Wn.2d at 239.

¶12 Here, the jury was obviously misled to believe Mr. Carter had the burden of proving unwitting possession. The inconsistent instruction involving this burden of proof was a clear misstatement of the law. Mr. Carter is presumed to have been prejudiced. Therefore, Mr. Carter is entitled to a new trial with new counsel. *State v. Ermert*, 94 Wn.2d 839, 851, 621 P.2d 121 (1980).

EVIDENCE SUFFICIENCY

¶13 Mr. Carter also challenges the sufficiency of the evidence to support the conviction for unlawful possession of a firearm. Our inquiry is whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Joy*, 121 Wn.2d 333, 338, 851 P.2d 654 (1993) (citing *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980)). We view the evidence in a light most favorable to the State, admitting the truth of the State's evidence and any reasonable inferences. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

¶14 The "to convict" jury instruction required the jury to find Mr. Carter had (1) knowingly possessed or controlled a

firearm; (2) previously been convicted of the serious predicate offense charged, a 1996 residential burglary; and (3) possessed the firearm in Washington. Clerk's Papers at 55; RCW 9.41.040(1)(a).

¶15 Mr. Carter challenges the second element. At trial, in order to prove the predicate serious offense, the State provided to the jury an amended information charging Mr. Carter with residential burglary, Mr. Carter's statement on plea of guilty in which the residential burglary charge is addressed throughout, an order dismissing a second degree possession of stolen property charge, and a disposition order that states Mr. Carter was convicted of second degree burglary. The most reasonable and obvious inference to be drawn from this record is that the disposition order's reference to the charge of second degree burglary is a scrivener's error; that Mr. Carter was initially charged with second degree burglary, but that charge was dismissed and the information was amended to residential burglary when a plea agreement was reached.

¶16 However, Mr. Carter contends that the State failed to prove he was convicted of residential burglary because the juvenile disposition order stated he was convicted of second degree burglary. The issue was for the jury to decide. Viewing the evidence in the light most favorable to the State, sufficient evidence supports the conviction, including the element involving the predicate offense. If Mr. Carter possesses evidence on this issue outside of this record, his recourse lies in a personal restraint petition. *McFarland*, 127 Wn.2d at 338 n.5.

DUE PROCESS

¶17 Next, Mr. Carter contends that the trial court erred in denying his motion to dismiss. When a defendant presents a defense case in chief, as Mr. Carter did here, he waives the denial of his motion to dismiss at the end of the State's case in chief. *State v. Johnston*, 100 Wn. App. 126, 132, 996 P.2d 629 (2000). However, this motion was actually decided posttrial as a motion for relief from a judgment

obtained contrary to Mr. Carter's due process rights. We will therefore review it and reverse only for an abuse of discretion. *State v. Michielli*, 132 Wn.2d 229, 240, 937 P.2d 587 (1997). A court abuses its discretion when its decision is manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons. *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993).

■ ¶18 Here, Mr. Carter contends that his due process rights were violated because the juvenile court failed to advise him that he could not possess firearms. At the time Mr. Carter was sentenced for burglary, the juvenile court was required to "notify the person, orally and in writing, that the person may not possess a firearm unless his or her right to do so is restored by a court of record." Former RCW 9.41.047(1)(a) (1994). The disposition order upon which the unlawful firearms possession charge is based contains no notification provision. There is nothing else in the record to indicate that Mr. Carter was notified in compliance with the statute.

¶19 Washington courts recognize that due process requires dismissal of an unlawful firearms possession charge when a court misleads a defendant into believing that his conduct was not prohibited and the defendant demonstrates prejudice. *State v. Moore*, 121 Wn. App. 889, 896, 91 P.3d 136 (2004), *review denied* 154 Wn.2d 1012 (2005); *State v. Leavitt*, 107 Wn. App. 361, 372-73, 27 P.3d 622 (2001). In *Moore*, this court affirmed the trial court's dismissal of an unlawful possession of a firearm charge because the defendant was not advised that he lost his right to possess a firearm and he was affirmatively told that "he could put the ordeal behind him if he stayed out of trouble." *Moore*, 121 Wn. App. at 896. In *Leavitt*, Division Two of this court reversed a conviction for unlawful firearm possession where under the unique circumstances of the case, the court's combined actions and inactions misled the defendant to believe that his firearm possession restriction was limited to one year. *Leavitt*, 107 Wn. App. at 372. Here, while the predicate offense court apparently failed to inform Mr.

Carter according to the statute, he was not affirmatively misled. Moreover, since he was convicted of a felony in 2002 and notified at that time that he was disqualified from firearms possession, Mr. Carter cannot establish prejudice. Accordingly, the court's denial of his motion was a proper exercise of discretion.

## CONCLUSION

¶20 The flawed jury instruction submitted by defense counsel on unwitting possession constituted deficient performance. The instruction was inconsistent and misstated the law; prejudice is presumed. We therefore reverse and remand this matter for a new trial with new counsel.

SWEENEY, A.C.J., concurs.

¶21 BROWN, J. (dissenting) — I agree the evidence is sufficient and no due process violation has occurred. I depart from the majority in its conclusion that Robert Carter received ineffective assistance of counsel.

¶22 In *State v. Anderson*, 141 Wn.2d 357, 5 P.3d 1247 (2000), our Supreme Court was concerned with whether a firearm possession charge should be treated as a strict liability offense. There, the State did not include an elements instruction including the element of knowledge. Here, the State did submit a proper elements instruction including knowledge. Thus, the State retained the overall burden of proving beyond a reasonable doubt that Mr. Carter knew he possessed the firearm found clipped inside his pants.

¶23 The ineffective assistance standard of review requires both deficient performance and resulting prejudice. Because knowledge was included in the "to convict" instruction as a separate element for the State to prove beyond a reasonable doubt, Mr. Carter cannot show any prejudice or improper burden shifting. Thus, it is unnecessary to dwell upon the alleged deficient performance. In any event, Mr.

Carter is responsible for raising the unwitting possession defense and his proposed instruction was consistent with this responsibility and the manner he tried and argued his case.

¶24 Given my analysis, I would affirm. Accordingly, I respectfully dissent.