IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31098-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER RANDOLPH TATE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — A jury found Christopher Tate guilty of unlawfully possessing a firearm in the second degree. On appeal, Tate argues his defense counsel rendered ineffective assistance when she failed to request that the trial court instruct the jury to consider whether Tate *unwittingly* possessed the firearm found in his vehicle. The State argues defense counsel was effective, and it would have been error to provide an unwitting possession instruction, since knowledge is already an element of unlawful possession of a firearm. To instruct the jury that Tate must prove he unwittingly possessed the firearm by a preponderance of the evidence, the State contends, would shift the State's burden of proof to the defendant, thereby violating Tate's constitutional rights. We agree with the State and affirm the conviction.

FACTS

Washington State Patrolman David Brandt stopped, on Kennewick's Yelm Street, Christopher Tate for speeding. Rather than pull over, Tate stopped his car in the right lane of travel. Trooper Brandt exited his patrol car and approached Tate's stopped vehicle. Trooper Brandt asked for Tate's driver's license, registration, and insurance. Tate turned over his driver's license, but stated he did not have his car registration or insurance. Using Tate's driver's license, Brandt determined Tate owned the car and Tate had two outstanding arrest warrants. Before taking Tate into custody, Brandt called for assistance.

Trooper Brad Neff arrived at the scene as Trooper David Brandt arrested Christopher Tate. Since Tate's car could not remain in the right lane of travel, Brandt gave Tate the option of Trooper Neff moving his car to a church parking lot across the street or a tow truck move his car. Tate opted for Trooper Neff to move his car.

Trooper Brad Neff smelled marijuana upon entering Christopher Tate's vehicle. Trooper Brandt went to the car and also smelled marijuana emitting from Tate's car.

Trooper David Brandt returned to the back of his patrol car where Christopher Tate sat and read Tate his constitutional rights. Tate stated he understood his rights and agreed to talk. Brandt confronted Tate about the smell of marijuana secreting from his car. Tate told Brandt a small baggy of marijuana lay in his vehicle behind the driver's seat, and Tate asked to retrieve it. Brandt declined Tate's request. Christopher Tate then

2

told Trooper Brandt there was a gun in his vehicle that belonged to a friend.

Based on Christopher Tate's disclosures, Trooper David Brandt obtained a warrant to search Tate's car. Brandt found a bag in the back seat of the car. Brandt, in turn, discovered, inside the bag, a revolver, a pipe later found to contain methamphetamine, a baggie of marijuana, and a prescription vial with Tate's name on it. Above the gun, David Brandt found paperwork from Western Union with Tate's name thereon. Below the gun, Brandt found paperwork from the California Department of Licensing with Tate's name on it.

## PROCEDURE

The State charged Christopher Tate with unlawful possession of a firearm in the second degree and unlawful possession of a controlled substance, methamphetamine. The jury acquitted Tate of possession of a controlled substance and convicted him of unlawful possession of a firearm.

## LAW AND ANALYSIS

### Ineffective Assistance of Counsel

The principal question we resolve is whether Christopher Tate's trial counsel rendered ineffective assistance when counsel failed to request an unwitting possession of a firearm instruction? Tate emphasizes that the jury did not find him guilty of possessing the methamphetamine, for which an unwitting possession instruction was given. The gun lay in the same bag as the methamphetamine. If the court had instructed the jury on his

defense of unwitting possession of the gun, Tate contends, the jury may have reached a different verdict.

The Sixth Amendment to the United States Constitution guarantees the right to legal counsel in criminal trials. The Washington Constitution also grants an accused, in a criminal prosecution, the right to appear by counsel. CONST. art. 1, § 22. Washington courts have not extended the protections of the state constitution beyond the protections afforded by the United States Constitution. Instead, state decisions follow the teachings and rules announced in the United States Supreme Court's seminal decision of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An accused is entitled to more than a lawyer who sits next to him in court proceedings. In order to effectuate the purpose behind the constitutional protection, the accused is entitled to "effective assistance of counsel." *Strickland*, 466 U.S. at 688.

Under *Strickland*, courts apply a two prong test, whether (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Strickland*, 466 U.S. at 690-92. To prevail on his claim, a defendant must satisfy both prongs of the ineffective assistance of counsel test. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996), *overruled on other grounds by Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006). If one prong of the test fails, we need not address the remaining prong. *Hendrickson*, 129 Wn.2d at 78.

4

To prevail on an ineffective assistance of counsel claim, the defendant must show that, after considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Such a standard echoes the standard of care applied in a civil legal malpractice suit. *Hizey v. Carpenter*, 119 Wn.2d 251, 261, 830 P.2d 646 (1992). A claim that trial counsel was ineffective does not survive if trial counsel's conduct can be characterized as legitimate trial strategy or tactics. *State v. Grier*, 171 Wn.2d 17, 246 P.3d 1260 (2011); *Hendrickson*, 129 Wn.2d at 77-78.

Christopher Tate claims his counsel should have submitted an unwitting possession jury instruction. Failure to request an instruction on a potential defense can constitute ineffective assistance of counsel. *In re Pers. Restraint of Hubert*, 138 Wn. App. 924, 929, 158 P.3d 1282 (2007). To prevail on a claim of ineffective assistance based on counsel's failure to propose a jury instruction, Tate must show that (1) defense counsel's failure to request the instruction was not a legitimate tactical decision and (2) had counsel requested the instruction, the trial court likely would have given it. *State v. Powell*, 150 Wn. App. 139, 154-55, 206 P.3d 703 (2009). We address only the first requisite.

We give great deference to trial counsel's performance and begin our analysis with a strong presumption that counsel was effective. Christopher Tate must overcome this presumption and show that his counsel's failure to request the instruction could not have

5

been a legitimate trial tactic to support his claim of ineffective assistance. *Strickland*, 466 U.S. at 689; *McFarland*, 127 Wn.2d at 335; *Grier*, 171 Wn.2d at 33.

Christopher Tate highlights his acquittal on the charge of possession of a controlled substance because of an unwitting possession jury instruction. But Tate fails to recognize a critical distinction between the crimes of unlawful possession of a firearm and possession of a controlled substance. Possession of a controlled substance is a strict liability crime, as to which the State need not show knowledge by the defendant. The State must show knowledge to convict one of unlawful possession of a firearm.

To convict a defendant of unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that he or she possessed a controlled substance without a valid prescription or other authorization. RCW 69.50.4013(1). Possession may be actual or constructive. *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). To ameliorate the harshness of the strict liability nature of the crime, a defendant may assert, and prove, the affirmative defense of unwitting possession. *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004). To establish the defense, the defendant must prove, by a preponderance of the evidence, that his or her possession of the unlawful substance was unwitting. *State v. Balzer*, 91 Wn. App. 44, 67, 954 P.2d 931 (1998).

A person commits the crime of second degree unlawful possession of a firearm if he or she "owns, has in his or her possession, or has in his or her control any firearm" and the person has previously been convicted of certain specified felonies or gross

6

misdemeanors. RCW 9.41.040(2)(a)(1). To convict an accused of this offense, the State carries the burden to prove a culpable mental state. *State v. Anderson*, 141 Wn.2d 357, 366, 5 P.3d 1247 (2000). A jury instruction stating the defendant holds the defense of unwitting possession would be anomalous to the State disproving unwitting possession

A controlling decision is *State v. Carter*, 127 Wn. App. 713, 112 P.3d 561 (2005), where the opposite occurred. Trial counsel for the defendant asked for and received an unwitting possession instruction, and a jury convicted the defendant of unlawful possession of a firearm. The unwitting possession instruction required the defendant to prove by a preponderance of the evidence that the firearm was possessed unwittingly. Our division of this court granted Carter a new trial because defense counsel requested the instruction. The jury instruction erroneously placed the burden of proof on the defendant. Representation by counsel was deficient.

Christopher Tate's counsel's performance was objectively reasonable.

### Illegal Search and Seizure

In his statement of additional grounds, Christopher Tate contends that police unlawfully searched his car, in which was found the gun that led to his conviction. Specifically, Tate argues he did not give Trooper Neff consent to enter and move his car.

Trooper David Brandt testified:

> [The State]: [T]he defendant elected to have you move the vehicle?
> [Trooper Brandt]: Yes.
>  . . . .

7

> [The State]: You're saying it was decided that he wanted somebody to move the car to a parking lot rather than having it towed. Is that correct?
>
> [Trooper Neff]: Yes, that is correct.

Report of Proceedings at 25, 76.

The court admitted evidence of the seized revolver based on the trooper's testimony. The judge made a credibility determination, which this court will not review. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). An accused is free to consent to a search and forego his constitutional rights. *State v. Thompson*, 151 Wn.2d 793, 803, 92 P.3d 228 (2004).

## CONCLUSION

We affirm Christopher Tate's conviction for unlawful possession of a firearm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____     _____
Brown, J.                            Siddoway, C.J.

8