# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74779-7-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| JOAQUIN DAVID GARCIA, | ) | |
| | ) | |
| Respondent. | ) | FILED: April 3, 2017 |
| | ) | |

APPELWICK, J. — Garcia was charged with unlawful possession of a firearm in the first degree. He moved to exclude the prior conviction underlying this charge, because the predicate court did not notify him of the firearm prohibition. The trial court granted the motion and dismissed the charge. We reverse and remand.

## FACTS

The State charged Joaquin Garcia with unlawful possession of a firearm in the first degree, among other offenses. To satisfy the prior conviction element of this crime, the charge was premised on Garcia's 1994 conviction for rape of a child in the first degree.

Garcia moved to exclude his 1994 conviction as a predicate offense. He argued that the State could not prove that the 1994 conviction was constitutionally valid. And, he argued that he had an affirmative defense to the first degree

unlawful possession of a firearm charge, because the predicate court failed to notify him of the firearm prohibition.

The parties submitted evidence concerning Garcia's 1994 conviction. After oral argument on the motion, the court concluded as a matter of law that Garcia did not receive the required notice of his ineligibility to possess firearms at the time of the 1994 conviction. As a result, the court excluded the 1994 conviction. Because that conviction was Garcia's only prior offense that could support the charge of unlawful possession of a firearm in the first degree, the court dismissed that charge.

The State appeals.

## DISCUSSION

The State argues that the trial court erred by excluding Garcia's 1994 conviction and dismissing the first degree unlawful possession of a firearm charge. It contends that the trial court erred in deciding this issue in the context of a CrR 8.3(c) motion. And, it asserts that the trial court erroneously applied a per se rule instead of examining whether Garcia had actual knowledge of the firearm prohibition.

### I.   CrR 8.3(c) Motion

The State contends that the trial court erred in determining this issue as a matter of law. It contends that the trial court should have treated Garcia's challenge to the underlying conviction as an affirmative defense, a question for the jury.

2

Pretrial, a defendant may move to dismiss a criminal charge if there are no material disputed facts and the undisputed facts do not establish a prima facie case of the charged crime.[1] CrR 8.3(c); State v. Knapstad, 107 Wn.2d 346, 352-53, 729 P.2d 48 (1986). The defendant initiates such a motion by filing a sworn affidavit. Knapstad, 107 Wn.2d at 356. The State can defeat the motion by filing an affidavit that denies the defendant's alleged material facts. Id. If the State does not dispute the facts or allege other material facts, the court must determine whether the facts relied upon by the State establish a prima facie case of guilt as a matter of law. Id. at 356-57.

On appeal, this court reviews de novo the trial court's decision to dismiss on a Knapstad motion, viewing the facts and inferences in the light most favorable to the State. State v. Newcomb, 160 Wn. App. 184, 188-89, 246 P.3d 1286 (2011). We will affirm the trial court's dismissal of a charge based on a Knapstad motion if no rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. O'Meara, 143 Wn. App. 638, 641, 180 P.3d 196 (2008).

This case involves a charge of first degree unlawful possession of a firearm. The elements of this offense are: (1) the defendant knowingly owned a firearm or knowingly had a firearm in his or her possession or control, (2) the defendant was previously convicted, adjudicated guilty as a juvenile, or found not guilty by reason of insanity of a serious offense, and (3) the ownership or possession or control

---

[1] CrR 8.3(c) delineates the procedures first outlined in Knapstad. See State v. Horton, 195 Wn. App. 202, 217 n.12, 380 P.3d 608 (2016), review denied, 187 Wn.2d 1003, 386 P.2d 1083 (2017).

occurred in the state of Washington. RCW 9.41.040(1)(a); 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 133.02 (4th ed. 2016).

Knowledge that possession of a firearm is illegal is not an element of the offense. State v. Sweeney, 125 Wn. App. 77, 83, 104 P.3d 46 (2005). But, the defendant may raise the lack of the required notice under RCW 9.41.047(1) as an affirmative defense. State v. Breitung, 173 Wn.2d 393, 403, 267 P.3d 1012 (2011). RCW 9.41.047(1) requires that a convicting court "shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm unless his or her right to do so is restored by the court."

In his motion below, Garcia argued that the State could not meet its burden to prove that his 1994 conviction was constitutionally valid. He argued that he pleaded guilty to rape of a child in the first degree without effective assistance of counsel and without understanding the nature of the crime or the consequences of the guilty plea. Garcia further contended that his guilty plea did not have an adequate factual basis. Alternatively, Garcia argued that he had an affirmative defense to the charge, because the predicate court did not notify him of the firearm prohibition.

The trial court denied the portion of Garcia's motion addressing the constitutional validity of the 1994 conviction. And, it determined that Garcia's affirmative defense could be decided as a matter of law. The court concluded that Garcia did not receive the required oral and written notice at the time of his

predicate conviction and sentencing, so the predicate offense must be excluded. Consequently, it dismissed the first degree unlawful possession of a firearm charge.

An affirmative defense generally does not negate an element of the offense. See State v. Frost, 160 Wn.2d 765, 773, 161 P.3d 361 (2007) (the affirmative defense of duress excuses the defendant's unlawful conduct rather than negating an element of the offense). Instead, an affirmative defense excuses the defendant's otherwise unlawful conduct. Id. at 773-74; State v. Votava, 149 Wn.2d 178, 187-88, 66 P.3d 1050 (2003). This particular affirmative defense is no different, since the case law has specifically recognized that knowledge is not an element of the offense. See State v. Minor, 162 Wn.2d 796, 802, 174 P.3d 1162 (2008). Thus, the lack of notice affirmative defense does not negate an element, rather it is an affirmative defense that attempts to excuse the defendant's unlawful possession.

We conclude that the trial court erred by deciding Garcia's affirmative defense on a CrR 8.3(c) motion.[2] CrR 8.3(c) permits the trial court to dismiss a charge where the State's facts, if true, would not establish a prima facie case of

---

[2] Garcia contends that Washington courts have previously decided a lack of notice affirmative defense on a motion to dismiss. He contends that Breitung involved a similar procedural posture. We disagree. While the defendant in Breitung moved to dismiss the unlawful possession of a firearm charge, his motion was denied. See State v. Breitung, 155 Wn. App. 606, 619, 612, 230 P.3d 614 (2010), aff'd, 173 Wn.2d 393. He was convicted of the charge. Breitung, 173 Wn.2d at 397. The Washington Supreme Court reversed the conviction and affirmed the Court of Appeals decision vacating and dismissing the charge with prejudice. Id. at 404; Breitung, 155 Wn. App. at 625. Breitung does not stand for the proposition that a CrR 8.3(c) motion may be used to decide a lack of notice affirmative defense.

guilt. But, Garcia's lack of notice affirmative defense admits the facts of the State's case—he does not argue that the elements of the offense were not satisfied.[3] Thus, whether Garcia proved lack of notice by a preponderance of the evidence should have been a question for the jury.

## II. Dismissal of Unlawful Possession of a Firearm Charge

The State contends that the trial court erroneously interpreted Washington Supreme Court case law[4] regarding a lack of notice affirmative defense to unlawful possession of a firearm.

In Minor, the Washington Supreme Court addressed the proper remedy where the predicate court failed to provide notice of the firearm prohibition. 162 Wn.2d at 804. Minor was convicted of first degree unlawful possession of a firearm. Id. at 799. But, when Minor's prior conviction was adjudicated, the court failed to check the appropriate paragraph notifying him that he was prohibited from possessing firearms. Id. at 800. And, the record was silent as to whether Minor was orally notified of the prohibition. Id. Thus, the parties agreed that Minor did not receive oral or written notice of the firearm prohibition. Id.

In determining the proper remedy for the statutory violation, the court focused on whether the predicate court affirmatively misled Minor. Id. at 802-03. After assessing the legislative history behind RCW 9.41.047(1), the court noted that the statutory notice requirement "is unequivocal in its mandate." Id. at 803.

---

[3] While Garcia argued below that his prior conviction was not constitutionally valid, the trial court rejected this argument.

[4] The State does not ask us to interpret RCW 9.41.047(1). Therefore, we limit our analysis to prior case law interpreting the statute.

The court held that the predicate court violated RCW 9.41.047(1) by failing to notify Minor of the firearm prohibition, and that it affirmatively misled Minor by representing to him that this prohibition did not apply to him. Id. at 804. The only available remedy for this violation was to reverse Minor's conviction. Id. Because of the evidence that Minor was affirmatively misled, the court did not address whether failure to comply with the statute alone would warrant reversal. Id. at 804 n.7.

In Breitung, the court addressed the question left open by Minor. 173 Wn.2d at 397, 402. Breitung was convicted of second degree unlawful possession of a firearm. Id. at 397. Breitung established that the predicate court did not notify him of the firearm prohibition: the record contained no evidence of oral notification, and the judgment and sentence did not mention firearms at all. Id. at 403-04. The court concluded,

> The State did not establish that Breitung otherwise had knowledge of the law or notice of the firearm prohibition. On the contrary, the record evidences a lack of actual knowledge on Breitung's part. Based on this record, we conclude Breitung was not notified of his firearm prohibition as required under RCW 9.41.047(1) and did not otherwise have notice of the prohibition against possession of firearms. Absent that notice, he is entitled to reversal of the unlawful possession of firearms conviction.

Id. at 404.

Here, the parties generally agree as to the facts surrounding Garcia's predicate offense. On October 27, 1994, Garcia pleaded guilty to first degree rape of a child. While the disposition order notified Garcia of the sex offender registration requirements, it contained no mention of the firearm prohibition or

7

firearms at all. Nor did Garcia's statement on plea of guilty mention the firearm prohibition. No record is available of Garcia's guilty plea hearing, sentencing hearing, or subsequent revocation of the special sex offender disposition alternative. Thus, there is no evidence that Garcia received oral notification of the firearm prohibition from the predicate court.

The State argues that Breitung's "otherwise have notice" language creates the possibility that actual knowledge can satisfy RCW 9.41.047(1). It contends that by treating a lack of oral and written notice at the time of the predicate conviction as conclusively establishing Garcia's affirmative defense, the trial court converted Breitung into a per se rule.

The Breitung court took careful steps to avoid crafting a bright line rule. Rather than concluding the analysis after determining that Breitung did not receive oral or written notice of the firearm prohibition, the court continued. See Breitung, 173 Wn.2d at 403-04. It reasoned that because the State did not otherwise prove that Breitung had actual knowledge of the law or the firearm prohibition, the conviction must be reversed. Id. at 404. This language demonstrates that the court specifically considered the lack of evidence of actual knowledge. In other words, the fact that Breitung showed that he did not receive oral or written notice alone was not necessarily enough. It was the fact that the State did not demonstrate actual knowledge of the firearm prohibition that warranted reversal of the conviction.

We conclude that Breitung did not create a bright line rule, but instead suggested that the State may overcome the lack of notice affirmative defense by

presenting other evidence of actual knowledge of the law or the firearm prohibition. Here, the State provided records from Garcia's convictions subsequent to the 1994 conviction, which informed him of his ineligibility to possess a firearm. It also pointed to the underlying facts of the current case. Garcia's girlfriend told the police that Garcia made her purchase firearms in her name, because he was aware that he could not buy them himself. And, police officers reported that Garcia repeatedly told them that he was a convicted felon who could not possess a gun. This evidence could support a determination that Garcia otherwise had actual knowledge of the firearm prohibition.

Even if the trial court could decide an affirmative defense as a matter of law pretrial, it erred in doing so here. We conclude that the trial court erred in dismissing the first degree unlawful possession of a firearm charge. And, we conclude that the issue of appellate costs is not ripe for review.

We reverse and remand for proceedings consistent with this opinion.

WE CONCUR: