# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50271-2-II |
| Respondent, | |
| v. | |
| CECIL GLYNN BONNER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Cecil Glynn Bonner appeals the sentencing court's failure to orally notify him that he lost the right to possess a firearm when he was convicted of a felony.  We accept the State's concession that the sentencing court did not provide oral notice of the firearm prohibition as required under RCW 9.41.047(1)(a).  We remand for a hearing to comply with the statutory firearm notification requirements.

### FACTS

After a jury trial, Bonner was convicted of one count of felony violation of a court order—domestic violence under former RCW 26.50.110(5) (2015).  The jury found by special verdict that Bonner and the victim were members of the same family or household.  The standard sentencing range was 51-60 months, but the court imposed an exceptional sentence below the standard range of 12 months plus 1 day.

The judgment and sentence contained a provision notifying Bonner that he "must immediately surrender any concealed pistol license and . . . may not own, use or possess any firearm unless [his] right to do so is restored by a court of record."  Clerk's Papers at 191.  The

court did not orally notify Bonner during the verdict or sentencing that he was prohibited from possessing a firearm.

ANALYSIS

Bonner argues that the sentencing court erred when it failed to orally notify him that he was prohibited from possessing a firearm. The State concedes error, and we accept the State's concession.

A person loses the right to possess a firearm once convicted of a felony. RCW 9.41.040(1)(a). When a person is convicted of an offense that makes them ineligible to possess a firearm, "the convicting . . . court shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm unless his or her right to do so is restored by a court of record." RCW 9.41.047(1)(a). The court's obligation to provide the firearm prohibition notice is an "unequivocal . . . mandate." *State v. Minor*, 162 Wn.2d 796, 803, 174 P.3d 1162 (2008).

Bonner was convicted of felony violation of a court order. Former RCW 26.50.110(5). Because Bonner was convicted of a felony, he lost the right to possess a firearm. RCW 9.41.040(1)(a). The court was required to provide written and oral notice that Bonner lost the right to possess a firearm. RCW 9.41.047(1)(a).

Here, the State concedes that the sentencing court failed to provide oral notice that Bonner was prohibited from firearm possession. We accept the State's concession that the sentencing court erred and remand to the sentencing court for a hearing to comply with the firearm notification requirements under RCW 9.41.047(1)(a).

No. 50271-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Johanson, J.