FAIRHURST, C.J. (dissenting)
¶ 25 RCW 9.41.047(1)(a) requires oral and written notice of the ineligibility to possess firearms at the time a person is convicted. I disagree with the majority's creation of an evidentiary standard to cure violations of RCW 9.41.047(1)(a). I would reverse the Court of Appeals and reinstate the trial court's dismissal of Joaquin David Garcia's unlawful possession of a firearm (UPFA) charge in the first degree.
¶ 26 Garcia brought a pretrial motion to dismiss his first degree UPFA charge because his 1994 predicate offense failed to comply with the notice requirements of RCW 9.41.047(1)(a).[1] The State conceded the lack of statutory notice. This court has already established that "[l]ack of notice under RCW 9.41.047(1) is an affirmative defense, which [the defendant] must establish by a preponderance of the evidence." State v. Breitung , 173 Wash.2d 393, 403, 267 P.3d 1012 (2011).[2] Lack of notice under RCW 9.41.047(1) means notice pursuant to the statute. The statute has three clear requirements. State v. Minor , 162 Wash.2d 796, 803, 174 P.3d 1162 (2008) ("The statute is unequivocal in its mandate.").
*1083 First, notice must be given "[a ]t the time a person is convicted or found not guilty by reason of insanity ... or at the time a person is committed by court order." RCW 9.41.047(1)(a) (emphasis added). Second, notice must be given by "the convicting or committing court." Id. And third, notice must be given "orally and in writing." Id. "The presence of a notice requirement shows the legislature regarded such notice of deprivation of firearms rights as substantial. Relief consistent with the purpose of the statutory requirement must be available where the statute has been violated." Minor, 162 Wash.2d at 803-04, 174 P.3d 1162.
¶ 27 Following Breitung, Garcia established his affirmative defense, which the State failed to rebut. Despite the language of the statute, the majority circumvents this simple conclusion and holds that notice "need not be contemporaneous" with the conviction and can be communicated by people other than the court (e.g., court staff or defense counsel). Majority at 1081. I find this to be hugely problematic.
¶ 28 In Breitung, we affirmed the Court of Appeals and held that the defendant was entitled to reversal of his UPFA conviction. 173 Wash.2d at 403, 267 P.3d 1012. After explaining that lack of statutory notice is an affirmative defense to UPFA, "we conclude[d that] Breitung was not notified of his firearm prohibition as required under RCW 9.41.047(1) and did not otherwise have notice of the prohibition against possession of firearms. Absent that notice, he [was] entitled to reversal of the [UPFA] conviction." Id. at 404, 267 P.3d 1012. The "otherwise acquired actual knowledge" standard that the majority focuses on comes from the Breitung Court of Appeals decision, which was quoted within this court's Breitung opinion as well. Id. at 402, 267 P.3d 1012 (quoting State v. Breitung , 155 Wash. App. 606, 624, 230 P.3d 614 (2010) ). The Court of Appeals cited no authority for that standard, nor did this court. The majority implies that this language created an open question: "[W]hat evidence will satisfy Breitung 's'otherwise acquired actual knowledge' standard[?]." Majority at 1081. Herein lies the problem. There is no open question. The statute clearly states what is required. RCW 9.41.047(1)(a). Rebuttal evidence must be evidence that proves compliance with the statute (e.g., court transcripts, judgment and sentence documents, video or audio recordings, testimony or affidavits from people who were present at the sentencing). The majority's rebuttal standard is completely untethered from the statute and should be rejected.[3] I respectfully dissent.
Charles W. Johnson, J., Sheryl Gordon McCloud, J.

While not necessary for my legal analysis, I call attention to the underlying charges in this case and the State's prosecutorial decisions. See majority at 1078-79. Garcia was charged with first and second degree UPFA. His first degree UPFA charge is based on a 1994 conviction that he pleaded guilty to at age 13. There is no evidence that Garcia was given oral or written notice of his ineligibility to possess firearms as required by RCW 9.41.047(1)(a). Similarly, the defendant in State v. Minor had just turned 15 years old at his disposition hearing when the court failed to give oral and written notice of his ineligibility to possess firearms. 162 Wash.2d 796, 804, 174 P.3d 1162 (2008) ("It is reasonable to believe a [15-year-old] would not necessarily know the degrees of crimes or how their crime may impair their rights.").
Subsequently, Garcia was convicted of several other felonies and received formal notice of his ineligibility to possess firearms. However, Garcia's 1994 conviction is the only conviction that can support first degree UPFA because it was a "serious offense." RCW 9.41.040(1)(a), .010(23). His other felonies support only second degree UPFA. The distinction between first and second degree UPFA is more than just a formality. RCW 9.41.040 ; RCW 9A.20.021 (second degree UPFA is a class C felony with a 5 year maximum sentence; first degree UPFA is a class B felony with a 10 year maximum sentence). We should not allow the State to create legal workarounds to increase their charges.

"An affirmative defense admits the defendant committed a criminal act but pleads an excuse for doing so. ... An affirmative defense does not negate any elements of the charged crime."State v. Fry , 168 Wash.2d 1, 7, 228 P.3d 1 (2010).

Procedurally, I agree with the majority that the trial court can resolve the affirmative defense pretrial when it can be determined as a matter of law that there is insufficient evidence to prove that the required notice was provided. Majority at 1082.