# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50579-7-II |
| Respondent, | |
| v. | |
| ALENE MARIE BUSH, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Alene Marie Bush appeals the sentencing court's failure to orally notify her that she lost the right to possess a firearm when she was convicted of a felony. We remand for a hearing to comply with RCW 9.41.047(1)(a)'s firearm notification requirements.

## FACTS

A jury found Bush guilty of two counts of delivery of a controlled substance— methamphetamine. The trial court imposed a standard range sentence.

Bush's judgment and sentence contains a provision notifying her that she "**may not own, use or possess any firearm** . . . unless [her] right to do so is restored by a court." Clerk's Papers (CP) at 73. And that she "**must immediately surrender any concealed pistol license**." CP at 73. The trial court did not orally notify Bush during the verdict or sentencing that she was prohibited from possessing a firearm. Bush appeals.

ANALYSIS

Bush argues that the trial court erred when it failed to orally notify her that she was prohibited from possessing a firearm. We agree.

A person loses the right to possess a firearm once convicted of a felony. RCW 9.41.040(1)(a). When a person is convicted of an offense that makes them ineligible to possess a firearm, "the convicting . . . court shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm unless his or her right to do so is restored by a court of record." RCW 9.41.047(1)(a). The court's obligation to provide the firearm prohibition notice is an "unequivocal . . . mandate." *State v. Minor*, 162 Wn.2d 796, 803, 174 P.3d 1162 (2008).

Bush was convicted of two counts of delivery of a controlled substance—methamphetamine. These convictions are felonies. RCW 69.50.401(2)(b). Because Bush was convicted of a felony, she lost the right to possess a firearm. RCW 9.41.040(1)(a). The court was required to provide written and oral notice that Bush lost the right to possess a firearm. RCW 9.41.047(1)(a).

The State argues the notification in the judgment and sentence is sufficient, but concedes that if we do not agree, remand is necessary. "RCW 9.41.047(1) requires the convicting court to provide oral and written notice." *Minor*, 162 Wn.2d at 803. We conclude that the notification in Bush's judgment and sentence does not fully comply with RCW 9.41.047(1)(a). We recognize that Bush is clearly aware that she is prohibited from possessing a firearm, but because the sentencing court did not comply with a statutory mandate, we remand to the sentencing court for a hearing to comply with the statutory firearm notification requirements.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Maxa, C.J.