**FILED**
**AUGUST 18, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36624-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY JOHN SCHLANGEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Timothy Schlangen alleges that his conviction for second degree unlawful possession of a firearm was tainted by ineffective assistance of counsel. The State agrees, as do we. The conviction is reversed and the case remanded for a new trial.

FACTS

Little need be said about the facts of this case. Schlangen stood trial before a jury in the Klickitat County Superior Court after law enforcement discovered a gun in the vehicle he was driving. He told officers that he had purchased the vehicle the night

before from his aunt and that everything inside belonged to her. He defended the case on the basis that he had no knowledge of the weapon's presence.

The defense sought, and received, an instruction on unwitting possession. The standard instruction advised jurors that Mr. Schlangen bore the burden of proving that his possession was unwitting. Both parties argued in closing that Schlangen bore the burden of proof. The prosecutor also questioned the failure of the aunt to testify in support of Schlangen.

The jury convicted Mr. Schlangen. He timely appealed to this court. A panel considered his appeal without conducting oral argument.

ANALYSIS

Mr. Schlangen argues that his counsel provided ineffective assistance and that the prosecutor committed misconduct by referring to the absence of the aunt.[1] Because the first issue is dispositive, we need only address it.

---

[1] The parties knew that multiple arrest warrants were outstanding for the aunt and defense counsel told the court she refused to appear due to fear of arrest. However, no evidence of the reason for her absence was placed before the court or the jury, and there was no lawful reason given (*e.g.*, a privilege) for her refusal to testify. The defense was free to compel her presence. In the unlikely event that warrants are still outstanding at the time of the retrial, this matter is best resolved in a motion-in-limine brought by either the defense (to preclude argument if there is evidence of a lawful reason for nonappearance) or by the State (perhaps by seeking a missing witness instruction).

No. 36624-3-III
*State v. Schlangen*

The Sixth Amendment guarantee of counsel requires defense counsel to perform to the standards of the profession. Failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 333-335, 899 P.2d 1251 (1995). To prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and that the error was so significant, in light of the entire trial record, that it deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 690-692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The *Strickland* standards are easily satisfied here. A previous decision of this court is directly on point. *State v. Carter*, 127 Wn. App. 713, 112 P.3d 561 (2005). In that case, defense counsel also successfully obtained an unwitting possession instruction in an unlawful possession of a firearm case. *Id*. at 715-716. This court reversed the ensuing conviction due to counsel's action. *Id*. at 717-718. An unwitting possession instruction that places the burden of proof on the defendant is proper in cases where the State does not have a burden of proving knowledge. *See State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981). In cases such as this where the State must prove knowing possession, an unwitting possession instruction relieves the State of that burden by switching the obligation to the defendant.

3

No. 36624-3-III
*State v. Schlangen*

Accordingly, we agree with the parties that counsel performed ineffectively by obtaining the unwitting possession instruction. The conviction is reversed.[2]

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

---

[2] We also need not consider Schlangen's challenges to the legal financial obligations since the judgment has been reversed. If convicted again and remains indigent, the court may not impose discretionary financial obligations on him.

4